UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MATT MCCURDY | CIVIL ACTION NO. 5:13CV2741 |
| VERSUS | JUDGE FOOTE |
| HYDRADYNE, LLC | MAGISTRATE JUDGE HAYES |

**MEMORANDUM RULING**

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Remand, [doc. # 7], filed by Plaintiff, Matt McCurdy.[1] For the reasons stated below, the Motion is **DENIED**.

**Background**

On September 17, 2013, Plaintiff, Matt McCurdy, filed a Petition for Declaratory Judgment in the 26th Judicial District Court, Bossier Parish, Louisiana. [doc. # 1-1]. The Petition involves an Asset Purchase Agreement that Plaintiff signed with Defendant on June 27, 2008, whereby Plaintiff and other shareholders sold certain business assets to Defendant for about $8.5 million. [doc. # 1-2]. Plaintiff also signed an Employment Agreement with Defendant in connection with the Asset Purchase Agreement. [doc. # 1-3]. Plaintiff now seeks a judgment declaring the Employment Agreement either expired or null and void. [doc. # 1-1, p. 3-5].

Defendant timely removed the case to this Court on the basis of diversity jurisdiction. [doc. # 1]. Defendant avers: "(1) Plaintiff . . . is a resident of Louisiana; (2) Defendant Hydradyne, LLC ('Hydradyne' or 'Defendant') is a Georgia limited liability company with its

---

[1] As this is not a motion excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this Court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

principal place of business in Fort Worth, Texas; (3) Hydradyne's sole member is LOR, Inc., a Georgia corporation with its principal place of business in Georgia; and (4) Hydradyne is a citizen of Georgia for purposes of diversity jurisdiction, pursuant to 28 U.S.C. § 1332." *Id.* On October 11, 2013, Plaintiff filed a Motion to Remand. [doc. # 7]. Plaintiff asserts that the matter before the Court is between citizens of the same state because Defendant's sole LLC member, LOR, Inc. ("LOR"), has its principal place of business in Louisiana. [doc. # 7-2, p. 1]. Specifically, Plaintiff contends that LOR's principal place of business is in Louisiana because LOR's Foreign Corporation Annual Report issued by the Louisiana Secretary of State lists LOR's principal business office as 2801 Peters Rd., Harvey, Louisiana. [*Id.*; doc. # 7-1, p. 2]. Plaintiff contends further, "[i]t is obvious from the paperwork filed with the Secretary of State of Louisiana that LOR, Inc. is holding itself out as having its principle [sic] place of business in Louisiana . . . ." [doc. # 7-2, p. 3]. Consequently, Plaintiff contends that LOR is a citizen of Louisiana and thus, that Defendant is not diverse from Plaintiff.[2] *Id.*

In response, Defendant asserts that LOR's principal place of business is in Georgia. [doc. # 11, p. 2]. Defendant cites the affidavit of LOR's Secretary-Treasurer:

> LOR, Inc. was formed in 1978 to hold ownership interests in multiple businesses, and it now holds interests in businesses located throughout the United States. All but one of LOR Inc.'s executive officers are residents of Georgia, and the remaining officer is a resident of Florida. Two of LOR, Inc.'s three directors are Georgia residents, and the third is a resident of North Carolina. Meetings of LOR, Inc.'s officers and directors occur in Georgia, as do its shareholder meetings. LOR, Inc. conducts its banking in Atlanta, Georgia and elsewhere, but not in Louisiana. Finally, LOR, Inc. makes all business decisions affecting the operations, management, and ownership of its business interests in Atlanta, Georgia. LOR, Inc. itself does not maintain any business office in Louisiana, and its only business activities in Louisiana consist of the ownership of separately organized subsidiaries that do business in Louisiana, including Texas-based Hydradyne.

---

[2] Plaintiff does not contest the amount in controversy.

[*Id.*; doc. # 11-1].  According to LOR's Secretary-Treasurer, the Louisiana address listed in LOR's Annual Report is the address of a Hydradyne, LLC branch and not a business address for LOR.  [doc. # 11-1, p. 2-3].  Defendant maintains that LOR only inadvertently listed the Louisiana address as its principal business office in the Annual Report.  *Id.* at 3.

In reply, Plaintiff contends that LOR could not have inadvertently listed the Louisiana address as its principal business office because LOR listed various Louisiana addresses as its principal place of business on numerous occasions in several documents on file with the Louisiana Secretary of State.  [doc. # 18, p. 1].  According to Plaintiff, "the listing of 2801 Peters Road, Harvey, Louisiana, has more significance than being 'inadvertently listed' on the 2013 annual report . . . ."  *Id.* at 3.

Briefing is now complete; the matter is before the Court.

## Law and Analysis

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction.  *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)).  The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal.  *Id.*

Here, Defendant, a limited liability company, invoked the Court's subject matter jurisdiction via diversity jurisdiction.  [doc. # 1; 2].  Diversity jurisdiction requires complete diversity of citizenship between plaintiff and defendant, and an amount in controversy exceeding $75,000.  28 U.S.C. § 1332(a).  The citizenship of an LLC is determined by the citizenship of each LLC member.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  Defendant's sole LLC member is LOR, Inc.  [doc. # 2].  LOR's place of incorporation is undisputed; the issue before the Court is the location of LOR's principal place of business.

In *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010), the Supreme Court held that a corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," also known as its "nerve center."  This location "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination."  *Id.* at 93.  Although a corporation may conduct various general business activities in different locations, the "nerve center" can only be a single location.  *Id.* at 95.

Here, although LOR owns subsidiaries that do business in Louisiana, it is clear that LOR's principal place of business is in Atlanta, Georgia.  As stated above, LOR makes all business decisions affecting the operations, management, and ownership of its business interests in Atlanta.  [doc. # 11, p. 3].  In addition, LOR's officers and directors conduct their meetings in Georgia.  *Id.* at 2.  It is manifest that Atlanta, Georgia is where LOR's officers "direct, control, and coordinate the corporation's activities."  *See Hertz*, 559 U.S. at 92.

Plaintiff's reliance on LOR's Annual Report is unjustified.  The Louisiana Revised Statutes require a foreign corporation seeking to qualify to do business in Louisiana to report both its principal business establishment and its registered office in this state.  LA. REV. STAT. ANN. §§ 12:304, 12:308.  The Annual Report that Plaintiff relies on is merely evidence that LOR complied with the Louisiana statutes.  The address in the Annual Report is LOR's principal business establishment and principal business office in Louisiana, not its principal place of business for purposes of diversity jurisdiction.  *See Harris v. Black Clawson Co.*, 961 F.2d 547, 550 (5th Cir. 1992) (disregarding argument that an annual report filed with the Louisiana Secretary of State listing an address in Louisiana as defendant's principal place of business established that defendant's principal place of business for purposes of diversity jurisdiction was in Louisiana); *Jarrell v. Parker Drilling Co.*, 2001 WL 969113, at *1 (E.D. La. 2001) (holding

4

that a foreign corporation's Louisiana business address contained in a "Louisiana Secretary of State Unofficial Detail Report" is not its principal place of business for purposes of § 1332(c)(1)); *Williams v. Johnson*, 2002 WL 31697716 (E.D. La. 2002) (certificate submitted to Louisiana Secretary of State identifying principal place of business within state is not sufficient to establish principal place of business for diversity purposes).[3]

Defendant has met its burden of establishing that LOR's principal place of business is located in Atlanta, Georgia.  Defendant is not a citizen of Louisiana; by extension, complete diversity of citizenship exists between Plaintiff and Defendant.  Under 28 U.S.C.A. §§ 1441(a) and 1332(a)(1), the Court has subject matter jurisdiction over this action and, therefore, removal was proper.

## Conclusion

For the above-assigned reasons,

IT IS ORDERED that the Motion to Remand [doc. # 7] filed by Plaintiff, Matt McCurdy, is hereby **DENIED**.

THUS DONE AND SIGNED in chambers, this 18th day of  November, 2013, in Monroe, Louisiana.

*/s/ Karen L. Hayes*
KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[3] As the address in the Annual Report has little bearing on the issue at hand, the dispute as to whether LOR listed the address inadvertently is immaterial.